# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| AARON J ANDRUS, ET AL. | : | CIVIL ACTION NO. 2:24-cv-0603 |
| VERSUS | : | |
| ROSE ANN B SPEARS, ET AL. | : | MAGISTRATE JUDGE LEBLANC |
| | | (By Consent) |

## MEMORANDUM RULING

Before the court are cross motions for summary judgment: *Defendants' Motion for Summary Judgment* [doc. 14] and *Aaron and Kamryn Andrus' Motion for Summary Judgment* [doc. 16].  Both motions argue that the respective movants are entitled to receive the proceeds of a life insurance policy insuring decedent Michael Andrus.  Both motions are opposed [docs. 18, 19], and plaintiffs have filed a reply in support of their motion [doc. 20].  The briefing deadlines have all passed, and the motions are ripe for resolution.  This matter is before the undersigned by the consent of the parties and on order of reference from the District Judge.  Doc. 11.

For the following reasons, the *Defendants' Motion for Summary Judgment* [doc. 14] is **DENIED** and *Aaron and Kamryn Andrus' Motion for Summary Judgment* [doc. 16] is **GRANTED.**  Accordingly, the Court hereby orders and declares that plaintiff Aaron J. Andrus is entitled to the life insurance death benefit in this case.  The Court directs the Clerk of Court to distribute the entire $30,000 life insurance death benefit and any applicable interest to plaintiff Aaron J. Andrus.[1]

---

[1] Although Kamryn M. Andrus is also listed as a plaintiff, her standing to recover as a plaintiff has not been established.

## I.

### BACKGROUND[2]

The following facts are undisputed.  Michael Andrus ("Michael") passed away on June 9, 2021.[3]  At the time of his death, Michael was a participant in a group life plan sponsored by his employer Bridgestone Americas, Inc. ("Bridgestone").[4]  The plan was insured by a group life insurance policy issued by Hartford Life and Accident Insurance Co. ("Hartford") bearing Policy No. GL-805648.[5]  The plan provided participants with basic life insurance benefits in the amount of $30,000.[6]  Employees were automatically enrolled in the plan.[7]  The plan was created in accordance with the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*[8]

---

[2] This matter is related to an interpleader action previously commenced in this court by Hartford Life and Accident Insurance Company ("Hartford") entitled *Hartford Life & Accident Insurance Co v. Andrus et al.*, No. 2:22-cv-01256 (W.D. La. 5/10/22) (the "Interpleader Action").  In the Interpleader Action, Hartford deposited with the court the proceeds of the life insurance benefit due as a result of the death of Michael Andrus to be freed from the conflicting claims of the parties to this action.  Hartford's complaint in the Interpleader Action and the attachments to that complaint are attached as exhibits to both parties' motions for summary judgment.  Doc. 14, att. 3; doc. 16, atts. 4–9.  These documents are accepted as competent summary judgment evidence by virtue of Hartford's having attached them to the interpleader complaint as a collection of all relevant documents supporting the interpleader.  The pertinent attachments to the interpleader complaint are Bates numbered H0001 through H00166.  For convenience, the interpleader complaint will be cited as "IC" and the attachments to the interpleader complaint will be referenced by their original Bates numbers.

This matter also requires discussion of an employment grievance action involving Michael Andrus and his employer, which ultimately resulted in an arbitrator's Opinion and Award dated February 1, 2018.  The Opinion and Award is attached as an exhibit to both parties' motions for summary judgment.  Doc. 14, att. 5; doc. 16, att. 11.  The Opinion and Award will be accepted as competent summary judgment evidence, as well.  For convenience, the Opinion and Award will be cited as "O&A" with specific references to its original pagination.

The facts set forth herein are taken principally from the Interpleader Action and the Opinion and Award documents.

[3] IC at ¶8; H0066.
[4] IC at ¶8.
[5] *Id.*
[6] *Id.*

[7] H0015.
[8] H0024-H0031.

The plan provides that "Life Insurance Benefits will be paid in accordance with the life insurance Beneficiary Designation provided it does not contradict the Claim Payment provision."[9] The plan documents unambiguously set out how to add or change a beneficiary:

> **Beneficiary Designation:** *How do I designate or change my beneficiary?*
> You may designate or change a beneficiary by doing so in writing on a form satisfactory to Us and filing the form with the Employer. Only satisfactory forms sent to the Employer prior to Your death will be accepted.
>
> Beneficiary designations will become effective as of the date You signed and dated the form, even if You have since died. We will not be liable for any amounts paid before receiving notice of a beneficiary change from the Employer.
>
> In no event may a beneficiary be changed by a power of attorney.[10]

The plan also provides that if no one is named beneficiary or no beneficiary survives the plan participant, Hartford may, at its option, pay: "1) the executors or administrators of Your estate; 2) all to Your surviving spouse; 3) if Your spouse does not survive You, in equal shares to Your surviving children; or 4) if no child survives You, in equal shares to Your surviving parents."[11]

In 2004, using a "Bridgestone/Firestone Benefits Enrollment/Change Form," Michael named his brother Aaron J. Andrus as the sole beneficiary for his basic life insurance benefits (the "2004 Form").[12]

On October 26, 2016, Bridgestone terminated Michael's employment.[13] On February 12, 2018, after conducting a grievance proceeding, an arbitrator ruled that Michael should not have been terminated, ordered Michael "reinstated forthwith will full, unbroken seniority rights[,]" and ordered "[t]he period of time between the effective date of Andrus' employment termination and 30 workdays thereafter shall be considered a disciplinary suspension without pay or benefits," with

---

[9] H0020.
[10] *Id.*
[11] *Id.*
[12] H0101.

[13] O&A, p. 5.

the remaining period away from work beyond such 30-day suspension to be considered "an excused absence without pay or benefits."[14]  Michael's employment was reinstated, and there is no dispute that he was eligible for the $30,000 benefit under the group life plan when he died.

According to Hartford's allegations in the Interpleader Action, when Michael died, the 2004 Form was the only beneficiary designation form on file with his employer.  "Because Hartford did not administer enrollment in Bridgestone Americas, Inc.'s group benefit plans, including the Life Policy, Hartford did not maintain any documentation regarding beneficiary status."[15]  It initially appeared to Hartford that Michael had never designated a beneficiary, until a Bridgestone representative forwarded the 2004 Form to Hartford.[16]  By that time, Hartford had been in touch with Michael's brother, Aaron J. Andrus, who advised that he was the named beneficiary, and with Michael's daughters, Kendra M. Rich, Rose Ann B. Spears and Kamryn M. Andrus, who made demand on the proceeds and who indicated their intention to dispute the beneficiary designation.[17]

After learning that a "subsequent third party administrator took over administration for Bridgestone," and that the administrator had no beneficiary designation form for Michael, Hartford filed the Interpleader Action in this court, naming Michael's brother and daughters as defendants.[18]  The court granted Hartford's motion to deposit the disputed $30,000 plus applicable interest in the registry of the court.[19]  The Interpleader Action was administratively closed thereafter.  This action followed, in which plaintiffs Aaron J. Andrus and Kamryn M. Andrus seek leave to withdraw the

---

[14] O&A, p. 17.

[15] IC at ¶9.

[16] IC at ¶¶9-14.

[17] *Id.*

[18] IC at ¶¶14-20.
[19] Doc. 16, att. 10.

$30,000 and applicable interest from the registry of the court, and the defendants Rose Ann B. Spears and Kendra M. Rich counterclaim for the same relief.[20]

The simple question posed by the instant cross motions for summary judgment is whether Michael's 2004 designation of his brother as life insurance beneficiary was still in effect when he died in 2021. Plaintiff Aaron J. Andrus asserts that, as Michael's only designated beneficiary, he is entitled as a matter of law to receive the proceeds from the life insurance policy.[21] Defendants and counterclaimants Kendra M. Rich and Rose Ann B. Spears assert that the 2004 beneficiary designation is invalid or no longer in effect. Thus, they claim, Michael's daughters are entitled as a matter of law to each receive one-third of the proceeds of the life insurance policy under the provision governing distribution of policy proceeds when there is no named beneficiary.

In *Kennedy v. Plan Administrator for DuPont Savings and Investment Plan*, 555 U.S. 285, 303, 129 S. Ct. 865, 877 (2009), the United States Supreme Court adopted the "plan documents rule." More specifically,

> ERISA requires "[e]very employee benefit plan [to] be established and maintained pursuant to a written instrument," 29 U.S.C. § 1102(a)(1), "specify[ing] the basis on which payments are made to and from the plan," § 1102(b)(4). The plan administrator is obliged to act "in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of [Title I] and [Title IV] of [ERISA]," § 1104(a)(1)(D), and ERISA provides no exemption from this duty when it comes time to pay benefits.

*Kennedy*, 555 U.S. at 300, 129 S. Ct. at 875. Thus, the claims here "stand[] or fall[] by 'the terms of the plan'." *Id; see, e.g., Hadlock v. Prudential Life Ins. Co. of Am.*, No. 1:12-CV-125, 2013 WL 12137099, at *5 (E.D. Tex. June 3, 2013) (applying *Kennedy* to uphold the beneficiary designation

---

[20] Docs. 1, 3–4.

[21] Kamryn M. Andrus is also a named plaintiff, but her relationship to Aaron J. Andrus is not explicitly established in the Complaint. Elsewhere, Kamryn M. Andrus is identified as one of the three daughters of decedent Michael Andrus. *See, e.g.*, Doc. 4, p. 4.

made by the decedent in the ERISA-governed life insurance policy); *Standard Ins. Co. v. Corgill*, No. 3:13-CV-00997, 2013 WL 12101080, at *3 (N.D. Tex. July 23, 2013) (applying *Kennedy*'s "straightforward plan-document rule" to find decedent's ex-spouse, as named beneficiary, entitled to life insurance benefits in lieu of decedent's surviving spouse).

## II.
### SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.  The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022).  "To determine whether there are any genuine issues of material fact, the Court must first consult the applicable substantive law to ascertain what factual issues are material." *Metro. Life Ins. Co. v. Vasquez*, No. 4:24-CV-00009-BJ, 2024 WL 4544128, at *4 (N.D. Tex. Oct. 22, 2024). A dispute is genuine only if a reasonable trier of fact could return a verdict for the nonmoving party.  *Id.*, *see also Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).  "If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party 'must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Sankey v. Metro. Life Ins. Co.*, No. CIV.A. 12-1135, 2013 WL 1868365, at *4 (E.D. La. May 2, 2013) (quoting *Int'l Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1263–64 (5th Cir. 1991) (internal quotation marks omitted).

If the movant makes this showing, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotations omitted).  When ruling on a motion for summary judgment

the court draws all reasonable inferences in favor of the nonmoving party.  *Coury v. Moss*, 529 F.3d 579, 584 (5th Cir. 2008).  A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).  However, a party's mere beliefs, conclusory allegations, or unsubstantiated assertions are insufficient to survive summary judgment. *See, e.g.*, *Clark v. Am.'s Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997).  The nonmovant must set forth specific facts showing that there is a genuine issue for trial, and Rule 56 of the Federal Rules of Civil Procedure "does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment[.]" *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 916 & n. 7 (5th Cir. 1992), *opinion corrected* (Mar. 26, 1992).  "Under Rule 56, summary judgment must be entered against 'a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375–76 (5th Cir. 2002) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

### III.
#### APPLICATION

#### A.  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants Rose Ann B. Spears and Kendra M. Rich moved for summary judgment first.[22] Their motion asserts that the 2004 Form designating Aaron J. Andrus as beneficiary is no longer in effect and that the proceeds should be distributed as if no beneficiary had been named.  This assertion is supported by a three-pronged argument:  1) Michael never submitted a beneficiary

---

[22] Doc. 14.

form since the current policy first went into effect in 2018; 2) the plan provides that coverage terminates when employment terminates, so Michael's coverage must have terminated in 2016, and no beneficiary form has been submitted since he was reinstated; and 3) there has been no showing that policy coverage "related back" to 2004.   Defendants suggest that in these circumstances, the 2004 Form lacks relevance.

Defendants are not entitled to summary judgment because defendants have made no showing that the 2004 Form could or should be disregarded.  Defendants cite to no law in support of their arguments.  *See* LR56.1 ("Motions for summary judgment must be accompanied by a memorandum" that "must contain . . . [t]he legal basis on which the mover is entitled to judgment.").  The plan documents have no requirements for the timing of beneficiary forms, and they make no provision for the nullification of aging beneficiary forms.[23] It would be inappropriate to grant defendants' motion for summary judgment on an unsubstantiated argument that a beneficiary designation is invalid.  *See, e.g.*, *Hodge v. Guardian Life Ins. Co. of Am.*, No. 4:20-CV-2088, 2021 WL 5142793, at *6 (S.D. Tex. Sept. 10, 2021), *report and recommendation adopted,* No. 4:20-CV-2088, 2021 WL 5143886 (S.D. Tex. Nov. 3, 2021) ("Plaintiff's argument that the screenshot does not evidence a beneficiary designation lacks merit. Plaintiff has presented no admissible evidence demonstrating the screenshot is unreliable or false."); *Metro. Life Ins. Co. v. Greer*, No. A-17-CV-65-ML, 2018 WL 6431018, at *3 (W.D. Tex. Sept. 18, 2018) ("Marlene Greer presents the court with no legal authority that naming Laura Greer on the beneficiary form was merely for 'informational purposes.'").

Defendants do look to plan language to argue Michael's coverage under the plan terminated when Bridgestone terminated his employment in 2016, requiring renewed coverage and a renewed

---

[23] *See* H0001-H0031.

beneficiary designation upon his reinstatement.[24]  This argument, however, ignores the award of the arbitrator in Michael's grievance proceeding that Michael must be "reinstated forthwith with full, unbroken seniority rights" with all of his time away from work in connection with his grievance to be considered a "30-day suspension" followed by "an excused absence."[25]  The arbitrator, thus, negated any termination of Michael's employment.[26]

## B.  PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Turning to plaintiffs' summary judgment, Aaron J. Andrus and Kamryn Andrus argue that Aaron J. Andrus is the proper beneficiary within the meaning of ERISA and the plan documents and is entitled to the full proceeds.[27]  On the evidence before the Court, Michael complied with the terms of the plan documents, which required only that the plan participant designate a beneficiary in writing on a satisfactory form and file it with his employer.[28]  This being the case, the fact that there was a beneficiary designation on file with the employer is dispositive, in the absence of evidence that subsequent events nullified it.[29]

---

[24] Doc. 14, att. 1, p. 1; doc. 14, att. 2, ¶6.  The plan document provides:  "Your coverage will end on the earliest of the following: . . . 4) the date Your Employer terminates Your employment . . . ." *See* H0016.

[25] O&A at p. 17.

[26] Michael's periods of suspension and excused absence were "without pay or benefits."  O&A at p. 17.  The court does not interpret this aspect of the arbitrator's award as an interruption of Michael's participation in the benefit plan at issue.  Michael was not deemed to have separated from Bridgestone, and then to have subsequently returned.  To the contrary, the arbitrator was clear that Michael "be reinstated forthwith with full, unbroken seniority rights," and further emphasized that Michael's time away from work be appropriately reflected in his personnel records so as not to be considered by any measure separation from employment.  *Id.*  As such, any temporary loss of benefits did not serve to nullify Michael's beneficiary designation on file with Bridgestone, the plan administrator.  H0024.

[27] Doc. 16.

[28] Doc. 18, pp. 2–3.

[29] For an example of subsequent events that might nullify a beneficiary designation, ERISA provides that for certain defined contribution pension plans, "marriage voids a previous beneficiary designation absent a spousal waiver[.]" *LeBoeuf v. Entergy Corp.*, No. 24-30583, 2025 WL 1262414, at *1 (5th Cir. May 1, 2025). Thus, in a fiduciary breach claim against an employer and plan administrator, it was recently held that decedent's 2014 marriage voided his 2010 designation of his adult children as beneficiaries, and his surviving spouse was entitled to funds in decedent's retirement savings account despite the fact that quarterly plan statements listed the children as beneficiaries.  Here, there is no analogous ERISA provision that would void Michael's group life beneficiary designation.

Under ERISA, "[t]he term 'beneficiary' means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder."  29 U.S.C. § 1002(8).  According to the plan documents, a participant can designate or change a beneficiary "by doing so in writing on a form satisfactory to Us and filing the form with the Employer."[30]

In support of their motion for summary judgment, plaintiffs cite to materials in the record in this matter and the Interpleader Action, including the relevant plan language governing how to designate or change a beneficiary and Hartford's acknowledgment in the Interpleader Action that the 2004 Form naming Aaron J. Andrus as beneficiary was the only such form on file with the employer, insurer, or plan administrator.

There is no genuine dispute that Michael submitted a compliant beneficiary designation form to Bridgestone in 2004, as evidenced by the fact that the form was still on file when he died in 2021.  There is no material dispute that Michael never changed or revoked Aaron J. Andrus as his beneficiary after submitting the 2004 Form.  Indeed, defendants have not attempted to make a showing of any such effort by Michael.

Having considered the submitted materials, we find that Plaintiffs have borne their initial *prima facie* burden of showing the absence of a genuine dispute as to any material fact and an entitlement to judgment.  Fed. R. Civ. P. 56(a).  *See, e.g.*, *Ruiz v. Prudential Ins. Co. of Am.*, No. 4:07-CV-029-BE, 2008 WL 3823257, at *2 (N.D. Tex. Aug. 14, 2008), *aff'd,* 317 F. App'x 412 (5th Cir. 2009) ("There are no genuine issues of material fact with respect to [ex-wife] Katrina Thompson's status as the designated beneficiary of 25% of the proceeds from Thompson's Servicemember's Group Life Insurance policy."); *U.S. Life Ins. Co. v. Stein*, No. CIV.A.99-3416,

---

[30] H0020.

2000 WL 1182618, at *4 (E.D. La. Aug. 21, 2000) ("summary judgment is granted in favor of Michael Stein on the issue of when Mr. Stein's designation of Michael Stein as the sole beneficiary of Basic and Supplemental insurance took effect."); *Robinson v. MeadWestvaco Corp. Sav. & Emp. Stock Ownership Plan for Salaried & Non-Bargained Hourly Emps.*, 446 F. Supp. 2d 437, 446 (D.S.C. 2006) ("[N]o issue of material fact exists with respect to whether the decedent changed his beneficiary designation via the doctrine of substantial compliance.").

The burden now shifts to non-movant defendants to demonstrate by competent summary judgment evidence that there is a genuine issue of material fact for the factfinder to resolve. *Harrison Co., L.L.C. v. A-Z Wholesalers, Inc.*, 44 F.4th 342, 346 (5th Cir. 2022). "Mere assertions of a factual dispute unsupported by probative evidence will not prevent a summary judgment." *Metro. Life Ins. Co. v. Newsome*, No. 3:07-CV-1235-P, 2009 WL 10704360, at *2 (N.D. Tex. Feb. 19, 2009).

Defendants make an unsupported assertion of factual dispute. Defendants argue, in effect, that the 2004 beneficiary designation was somehow invalidated between 2004 and 2021, either by the transfer of the employer-sponsored benefit plan to a new insurer, the issuance of a new policy of insurance covering the plan, and/or Michael's termination and reinstatement. Defendants cite to no ERISA provision, jurisprudence, or policy statement in support of these arguments. The only evidence in the record pertaining to these arguments is the arbitration award, which finds that Michael was wrongfully terminated and reinstates his employment with "full, unbroken seniority rights," with any time away from work deemed to be a 30-day disciplinary suspension followed by an "excused absence."[31] This language does not unambiguously nullify the 2004 Form that remained on file with his employer when he died. Moreover, nowhere in the record is there an

---

[31] O&A at p. 17.

indication that this period of suspension and/or excused absence invalidated Michael's beneficiary designation.

Although all reasonable inferences are drawn in favor of nonmovant, argument alone is insufficient to survive a properly supported motion for summary judgment. *Harrison Co., L.L.C.*, 44 F.4th at 346 (nonmovant's burden "requires more than 'conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation.'")(citation omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, (1986) ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose.").

A "core" concern of ERISA is that "the fiduciary shall administer the plan 'in accordance with the documents and instruments governing the plan,' . . . making payments to a 'beneficiary' who is 'designated by a participant, or by the terms of [the] plan.'" *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 147 (2001) (citing 29 U.S.C. § 1104(a)(1)(D) and § 1002(8))(citations omitted, alteration original). Bearing this core concern in mind, summary judgment in favor of plaintiffs is appropriate based on their uncontroverted showing that Aaron J. Andrus was Michael Andrus' most recent appropriately designated beneficiary.

**THUS DONE AND SIGNED** at Lake Charles, Louisiana, this 30th day of July, 2025.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**